## AMERICAN EXPRESS COMPANY *v.* THE STATE.

[No. 20,563.   Filed November 2, 1906.]

1. PLEADING.—*Answer.—Facts Provable Under Another Paragraph.—Demurrer.*—It is harmless error to sustain a demurrer to a paragraph of answer whose facts are provable under another. p. 320.

2. CONSTITUTIONAL LAW.—*Carriers.—Express Companies.—Refusal to Receive Packages from Others.*—The act of 1901 (Acts 1901, p. 149, §§3312b-3312f Burns 1901), requiring express carriers within this State to treat all consignors, including other express companies, on equal terms, and not to grant unequal privileges to any, is constitutional. *Adams Express Co.* v. *State*, 161 Ind. 328, and *American Express Co.* v. *Southern Ind. Express Co., ante,* 292, followed.   p. 320.

From Monroe Circuit Court; *James B. Wilson,* Judge.

Action by the State of Indiana against the American Express Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*J. E. Henley* and *Baker & Daniels,* for appellant.

*Robert G. Miller, Arthur M. Hadley* and *Brooks & Brooks,* for the State.

JORDAN, C. J.—This action was commenced in the Lawrence Circuit Court by the State of Indiana, through the proper prosecuting attorney, to recover the penalty provided by section four of an act of the legislature approved March 7, 1901 (Acts 1901, p. 149, §§3312b-3312f Burns 1901). The cause was venued to the Monroe Circuit Court, wherein, upon the issues joined, it was tried by the court. There was a special finding of facts, and a judgment for plaintiff for $500. Upon the special findings the court stated its conclusions of law in favor of the State, to which appellant duly reserved its exceptions. Judgment was rendered upon the findings in favor of the State and against the appellant in the sum of $500, together with costs.

The action appears to be based on the fact that appellant company had violated the provisions of section one of said statute by refusing to accept from the Southern Indiana Express Company—an express company doing business in the State of Indiana—an express package for carriage over and upon the lines of appellant to a point within the State of Indiana.

Appellant's answer to the complaint consisted of six paragraphs, the first being the general denial. A demurrer for want of facts was sustained to all of the paragraphs except the first. Each of the paragraphs to which the demurrer was sustained, under the averments thereof, was nothing more than an argumentative denial, and the facts therein set up, so far as they could be pertinent to the action, were admissible under the general denial which remained a part of the answer. The ruling of the court on the demurrer, even if erroneous, under the circumstances would be harmless to appellant. *American Express Co.* v. *Southern Ind. Express Co.* (1906), *ante,* 292.

In fact it can be said that virtually the same questions in regard to the constitutional validity of the act here involved and the right of the State to recover the penalty provided thereby, under the facts alleged in the complaint and found by the court in its special findings, and the conclusions of law thereon, are presented for our decision, as were involved and presented in the *Adams Express Co.* v. *State* (1903), 161 Ind. 328, and *American Express Co.* v. *Southern Ind. Express Co.,* *supra.* On the authority of these decisions the judgment below should be affirmed.

Judgment affirmed.

Montgomery, J., did not participate in this decision.